FRANCES WYMAN and another *vs*. JOHN H. LEAVITT.

SAMUEL D. WYMAN *vs*. SAME.

Lincoln.    Opinion May 31, 1880.

*Negligence in blasting.    Damages.    Mental anxiety for personal safety.*

In the trial of an action on the case for simple negligence in blasting out a ledge within the located limits of a railroad whereby rocks were thrown upon the plaintiff's land and buildings, the plaintiff's mental anxiety in relation to his own personal safety is not, in the absence of personal injury, an element of damage.

Nor is his anxiety in relation to the personal safety of his child while going to and returning from school.

ON EXCEPTIONS AND MOTION to set aside the verdict.

The facts sufficiently appear in the opinion.

*Baker & Baker*, for the plaintiffs.

The objection to the testimony of Mrs. Wyman is not well founded, because :

I. The element of fear is a legal element of damage in a case like this.

II. These facts were a part of the *res gestæ*, and proper to go to the jury to determine whether there was gross negligence, amounting to a willful and wanton intent on the part of the defendant.

III. It was competent for Mrs. Wyman to testify to her own feelings and no other evidence was offered.    *Stowe* v. *Heywood*, 7 Allen, 118.

This is an action for injury to the domicil of the plaintiff, while she and her family were occupying it, and it is a legitimate element of damages, that the peace of the house was disturbed, and that the plaintiff was put in fear and peril, not as a ground of action, but as an inevitable consequence.

It is absurd to hold that if a person assaults a dwelling house with huge rocks, and breaks in the roof, and endangers the lives of the owner and occupant, and her children, although they are not in fact killed or wounded, that the owner is to have no compensation for her fear, peril and mental suffering.    Suppose the

danger so alarming as to cause a fright, so great as to produce sickness, fever or insanity, would this be no element of damage?

The cases cited by the defendant's counsel are not analogous, and cannot control this case. The counsel further ably argued other questions arising in the case which it did not become necessary for the court to consider.

*A. P. Gould* and *J. E. Moore*, for the defendant, upon the question considered in the opinion, cited: 2 Greenl. Ev. § § 253, 267, 574; *Wadsworth* v. *Treat*, 43 Maine, 163; *Flemmington* v. *Smithers*, 2 Car. & Pa. 292, (12 E. C. L. 131); *Lynch* v. *Knight*, 9 Ho. of Lord's Cases, 577, 598; *Johnson* v. *Wells et als.* 6 Nev. 224; *Meagher* v. *Driscoll*, 99 Mass. 281; Shearman & Red. Negligence, (2d ed.) § 608, *a*; *Black* v. *Carrollton* R. R. 10 La. Ann. 33; *Coakley* v. *North Penn. R. R.* 6 Am. L. Reg. 355; *Stowe* v. *Heywood*, 7 Allen, 118; Schouler, Domestic Rel. 356; *Blaymire* v. *Haley*, 6 Mees. & Wels. 55; *Grinnell* v. *Wells*, 7 M. & Gra. 1032 (49 E. C. L. 1032); *Davies* v. *Williams*, 10 Adol. & Ell. 725 (59 E. C. L. 723); *Ballou* v. *Farnum*, 11 Allen, 73; *Wade* v. *Leroy*, 20 How. 43; *Fay* v. *Parker*, 53 N. H. 342.

VIRGIN, J. These are actions on the case against a sub-contractor to recover damages caused by his alleged negligence in blasting out a ledge within the located limits of a railroad, whereby rocks were thrown upon the plaintiffs' adjoining lands and buildings, and for not removing, within a reasonable time thereafter, rocks thus lodged on their respective premises.

The cases were tried together. At the trial, Mrs. Wyman's counsel asked her, when upon the stand as a witness, to "give the jury some idea of her anxiety in relation to the blasting of the ledge while she was in and about the house—in relation to herself and family." The question was seasonably objected to by the defendant, but the witness was allowed to answer as follows: "At first, I was not much frightened; then after the second Jordan began the heavy blasting, I used to watch my little boy when he went to school and came." This answer was objected to and admitted. After giving a detailed statement of the warnings of the blastings, she further testified in answer to

the above general question : "I felt afraid the rocks would hit him" . . . "I was afraid." (Objected to; admitted.) "I was in fear from the time the second Jordan began to blow those heavy blasts, until they got through." This was also objected to.

The jury were required to find specially, among other things, how much damages they assessed in each action, "for negligence in blasting, including as well the mental anxiety, as the other sources of damages." The jury answered these questions; and in the case of Mrs. Wyman, they found the sum of $264.

There is no evidence in the cases of any injury to the persons of either party or to their child; or of any wanton conduct on the part of the defendant or of his servants. Was the testimony objected to and admitted in relation to Mrs. Wyman's fear of her own or of her child's safety, legally admissible?

As a general proposition, damages are recoverable when they are the natural and reasonable result of the defendant's unlawful act — that is when they are such a consequence as in the ordinary course of things, would flow from such an act. This is the broad rule, covering all the elements of damages, some of which do not enter into every case. The rule though correct as a general abstract statement has its limitations in particular cases. It may include insult and contumely, but they do not exist in every case of personal injury. Personal injury usually consists in pain inflicted both bodily and mental. When bodily pain is caused, mental follows as a necessary consequence, especially when the former is so severe as to create apprehension and anxiety. And not only the suffering experienced before the trial, but such as is reasonably certain to continue afterward, as the result of the injury, rightfully enters into the assessment of damages.

In trespass for assault and battery, the jury may consider not only the mental suffering which accompanies and is a part of the bodily pain, but that other mental condition of the injured person which arises from the insult of the defendant's blows. *Prentiss* v. *Shaw*, 56 Maine, 427 ; *Wadsworth* v. *Treat*, 43 Maine, 163. Or for an assault alone, when maliciously done, though no actual personal injury be inflicted. *Goddard* v. *Grand T. Ry.* 57

Maine, 202; *Beach* v. *Hancock*, 27 N. H. 223; 2 Greene's Cr. Rep. 269. So in various other torts to property alone when the tort-feasor is actuated by wantonness or malice, or a willful disregard of others' rights therein, injury to the feelings of the plaintiff, resulting from such conduct of the defendant, may properly be considered by the jury in fixing the amount of their verdict.

But we have been unable to find any decided case, which holds that mental suffering alone, unattended by any injury to the person, caused by simple actionable negligence, can sustain an action. And the fact that no such case exists, and that no elementary writer asserts such a doctrine, is a strong argument against it. On the contrary it has been held that a verdict, founded upon fright and mental suffering, caused by risk and peril, would in the absence of personal injury, be contrary to law. *Canning* v. *Williamstown*, 1 Cush. 451. So it is said (in *Lynch* v. *Knight*, 9 Ho. L. 577, 598,) that, "mental pain and anxiety, the law cannot value, and does not pretend to redress when the unlawful act complained of causes that alone." Again, in *Johnson* v. *Wells*, 6 Nev. 224 (3 Am. R. 245), after a very elaborate examination, it was held that pain of mind aside and distinct from bodily suffering, cannot be considered in estimating damages in an action against a common carrier of passengers. If the law were otherwise, it would seem that not only every passenger on a train that was personally injured, but every one that was frightened by a collision or by the trains leaving the track, could maintain an action against the company. See an elaborate note by Mr. Wood in his edition of Mayne on Dam. 70 *et seq.* We are of the opinion, therefore, that Mrs. Wyman's testimony relating to her fears, as to her own personal safety, was erroneously admitted. Whether a fright of sufficient severity to cause a physical disease would support an action, we need not now inquire.

We also think that her testimony, relating to her anxiety about her child's safety, was inadmissible.

If the child had suffered an injury in his own person, the redress would have had no necessary connection with the family

relation; for the injury which one suffers in the relation of parent is limited, in the absence of any statutory provision, to the depri- vation of the child's services. 2 Kent's Com. 195; *Fort* v. *Union, Pac. R. R. Co.* 17 Wall. 553. And when the injury is to the person of the child, and the father thereby loses the services of the child, the father may maintain an action for the latter wrong, and the child for the former. Cooley Torts, 229. But generally a father can recover no damages for injury to his parental feelings. *Flemington* v. *Smithers*, 2 Car. & P. 292; *Black* v. *Carrolton*, 10 L. Ann. 33; Shearman & Redf. Negl. (2d ed.) § 608, *a.* This rule, like most others, has its exceptions, among which are seduction (2 Greenl. Ev. § 579; *Phillips* v. *Hoyle*, 4 Gray, 568); forcible abduction of a child (*Stowe* v. *Heywood*, 7 Allen, 118), in both of which, though based upon the predicate of a loss of service, parental feelings may be considered by the jury; and trespass *quare clausum* for disinterring and removing in a willful disregard of the father's rights, the remains of the deceased child. *Meagher* v. *Driscoll*, 99 Mass. 281. But we fail to perceive upon what principle of law the mother or father could recover for parental feelings in an action like the one at the bar.

As to the action of Mr. Wyman—the jury found specially, as in his wife's case, a certain sum for mental anxiety, though less in amount, although there was no testimony upon that point coming from him. The two cases were properly tried together, and the wife must necessarily have had more or less influence upon the other, and cannot well be now separated. We therefore think exceptions should be sustained in both cases.

*Exceptions sustained.*

APPLETON, C. J., DANFORTH, PETERS and LIBBEY, JJ., concurred.