Catherine A. PURTY

v.

KENNEBEC VALLEY MEDICAL CENTER, et al.

Supreme Judicial Court of Maine.

Argued Nov. 17, 1988.
Decided Dec. 22, 1988.

#1. Accordingly, the judgment entered in favor of the State on remand should similarly exclude the houselot.

Mark S. Kierstead (orally), Waterville, for plaintiff.

Malcolm L. Lyons, Michael D. Seitzinger, Kristin A. Gustafson (orally), Pierce, Atwood, Scribner, Allen, Smith, Smith & Lancaster, Augusta, for Kennebec Valley Medical Center.

Christopher D. Nyhan, Craig T. Beling (orally), Preti, Flaherty, Beliveau & Pachios, Portland, for defendant for Sanders Burnstein.

Before ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

COLLINS, Justice.

Following the entry of a stipulated judgment as to all other counts of the plaintiff's complaint against the defendant, the Superior Court (Kennebec County; *Chandler, J.*) granted the defendant's motion to dismiss Count V of that complaint. On appeal plaintiff challenges the dismissal of Count V of her complaint, which alleged negligent infliction of emotional distress. We conclude that the Wrongful Death Act (the "Act") 18-A M.R.S.A. § 2-804, does not preclude a separate action by a beneficiary under the Act for negligent infliction of emotional distress; and that Count V states a claim upon which relief can be granted. We therefore vacate the judgment of dismissal.

The complaint alleges the following facts: On March 3, 1981, Catherine Purty checked into Kennebec Valley Medical Center under the care of Sanders Burnstein, M.D., to give birth. Catherine observed complications arise during the delivery including an unexpected drop in the fetal heart rate and a depletion of the oxygen supply being administered to her. When Megan Purty was born approximately 3½ hours later by a forceps delivery, she had a faint heart beat and poor respiration. Catherine observed the hospital staff immediately begin mouth to mouth resuscitation on Megan. Catherine realized the hospital staff was trying to comfort her and block her view of the baby, and she thought it unusual that the baby was not given to her immediately after delivery. Megan Purty was transferred later that day to the Central Maine Medical Center in Lewiston where she died thirteen days later of brain death and anoxia at birth. During that time both Catherine and Megan's father, Edward Tobin, watched Megan's condition deteriorate.

Catherine and Edward[1] filed a complaint seeking damages under the Wrongful Death Act and for negligent infliction of emotional distress. The Superior Court dismissed the action for emotional distress on the grounds that it was precluded by the action under the Act. Catherine appeals from this adverse ruling.

I.

We have long recognized that emotional distress constitutes a compensable injury. *See Gammon v. Osteopathic Hosp. of Me.*, 534 A.2d 1282 (Me.1987); *Culbert v. Sampson's Supermarkets, Inc.*, 444 A.2d 433 (Me.1982); *Wyman v. Leavitt*, 71 Me. 227 (1880). An action for emotional distress is separate from and independent of an action under the Wrongful Death Act. *Cf. Milton v. Cary Medical*

---

1. Catherine later filed an amended complaint removing Edward Tobin as a plaintiff. In the parties' stipulation they agreed that judgment would be entered on Catherine's amended complaint. Thus, Catherine is the only plaintiff on appeal.

*Center,* 538 A.2d 252, 257 (Me.1988) (denying claim for wrongful death on grounds that viable fetus is not a person for purposes of wrongful death action; but permitting recovery for emotional distress). The injuries for which damages are sought under each action are different. Because the Act does not allow recovery of damages for emotional distress, *Miller v. Szelenyi,* 546 A.2d 1013, 1020 (Me.1988), a plaintiff must be allowed to pursue such recovery through an independent claim.

## II.

Contrary to defendants' contention, the Superior Court correctly held that plaintiff's complaint states a claim for negligent infliction of emotional distress. A pleading setting forth a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." M.R.Civ.P. 8(a)(1). We construe all pleadings in favor of the pleader and in the interests of substantial justice. *Chiappetta v. LeBlond,* 505 A.2d 783, 785 (Me.1986).

In the present case defendants challenge the sufficiency of the complaint on the grounds that it does not assert that Catherine witnessed or observed the allegedly negligent conduct. The allegation of her contemporaneous involvement in all that went on in the delivery room is sufficient to provide defendants with fair notice of her claim. *Nason, Inc. v. Land–Ho Devel. Corp.,* 403 A.2d 1173, 1177 (Me.1979).

The entry is:

Judgment dismissing Count V vacated. Remanded to Superior Court for further proceedings consistent with the opinion herein.

All concurring