David M. KREMPELS, et al., Plaintiffs,

v.

Walter K. MAZYCK, et al., Defendants.

Civ. No. 94–66–P–C.

United States District Court,
D. Maine.

Nov. 10, 1994.

---

**356**

John L. Ahlgren, John Perrault, Ahlgren & Perrault, Portsmouth, NH, for plaintiff David Krempels.

Martha C. Gaythwaite, Friedman & Babcock, Portland, ME, for defendant Mazyck & Layton Trans.

James M. Bowie, Roy E. Thompson, Jr., Rebecca H. Farnum, Thompson & Bowie, Portland, ME, for defendant Maine Turnpike Authority.

R. Peter Taylor, McNeil & Taylor, Dover, NH, for plaintiff Ferguson.

Richard D. Hewes, Alan R. Nye, Hewes & Nye, Portland, ME, for defendant Ryder Truck.

*MEMORANDUM AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS LAYTON TRANSPORTATION AND MAZYCK'S MOTION FOR PARTIAL SUMMARY JUDGMENT*

GENE CARTER, Chief Judge.

This civil action arises out of an accident which occurred on the Maine Turnpike on June 8, 1992. Now before the Court is Defendants Layton Transportation and Mazyck's Motion for Partial Summary Judgment Regarding Conscious Pain and Suffering and Emotional Distress (Docket No. 27).[1] After a review of the record presented in this motion, the Court will grant Defendants' motion with respect to Count III, David Krempels' claim for negligent infliction of emotional distress, but will deny the motion with respect to Count V, the claim of Ettamae Krempels' Estate for conscious pain and suffering under Maine's Wrongful Death Act. 18–A M.R.S.A. § 2–804(c).

The Court of Appeals for the First Circuit has articulated the legal standard to be applied in deciding motions for summary judgment:

[T]he movant must adumbrate 'an absence of evidence to support the nonmoving party's case.' *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 [106 S.Ct. 2548, 2554, 91 L.Ed.2d 265] (1986). When that is accomplished, the burden shifts to the opponent to establish the existence of a fact issue which is both 'material,' in that it might affect the outcome of the litigation, *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 [106 S.Ct. 2505, 2510, 91 L.Ed.2d 202] (1986); *Hahn v. Sargent,* 523 F.2d 461, 464 (1st Cir.1975), *cert. denied,* 425 U.S. 904 [96 S.Ct. 1495, 47 L.Ed.2d 754] (1976), and 'genuine,' in that a reasonable jury could, on the basis of the proffered proof, return a verdict for the opponent. *Anderson,* 477 U.S. at 248 [106 S.Ct. at 2510]; *Oliver v. Digital Equipment Corp.,* 846 F.2d 103, 105 (1st Cir.1988). It is settled that the nonmovant may not rest upon mere allegations, but must adduce specific, provable facts demonstrating that there is a triable issue. 'The evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a

---

**1.** Defendant Maine Turnpike Authority ("MTA") joined this motion on October 27, 1994. Plaintiffs' objection raises the issue that since the deadline for filing pretrial motions was established by the Court as October 14, 1994, the MTA motion is untimely. Given the conclusion of the Court that part of Plaintiff's claim is not cognizable as a matter of law, we need not reach the timeliness issue here.

factfinder must resolve at an ensuing trial' *Mack v. Great Atlantic and Pacific Tea Co.*, 871 F.2d 179, 181 (1st Cir.1989). As the Supreme Court has said:

> [T]here is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or significantly probative, summary judgment may be granted.

*Anderson*, 477 U.S. at 249–50, 106 S.Ct. at 2511. *Brennan v. Hendrigan*, 888 F.2d 189, 191–92 (1st Cir.1989). Accordingly, this Court will review the record in the light most favorable to the nonmoving parties here, David Krempels and Bobbi Mae Ferguson, personal representative of the Estate, drawing therefrom such references as are favorable to Plaintiffs. *Adickes v. S.H. Kress and Co.*, 398 U.S. 144, 157–58, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970). The following is a brief statement of facts as presented by the Plaintiffs.

## I. RELEVANT FACTS

On the afternoon of June 8, 1992, Plaintiff David Krempels and his wife of two days, Ettamae Krempels, were traveling northbound on the Maine Turnpike in Scarborough in a 1985 Ford Tempo. Defendant Mazyck was driving a tractor owned by Defendant Ryder Trucking and leased to Defendant Layton Transportation, Mazyck's employer. The tractor was transporting a trailer owned by Layton. Due to construction on the Turnpike, the passing lane was closed, causing traffic to slow and back up due to cars merging into one lane. Plaintiff Krempels slowed his vehicle and was at a near stop. Mazyck was the next vehicle in line behind the Krempels. He was only a few car lengths behind them immediately prior to colliding with their car. The Krempels' car

was crushed and both of the Krempels were seriously injured. When witnesses approached the car immediately after the accident, David Krempels was unconscious and Ettamae was moaning. David Krempels emerged from a coma fifteen days later. Within hours after the accident, Ettamae died from her injuries.

## II. DISCUSSION

### A. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

■ In Count III of the Complaint, Plaintiff David M. Krempels seeks damages for negligent infliction of emotional distress resulting from his presence at and contemporaneous perception of the accident which killed his wife.[2] In Count IV, the Estate's Personal Representative brings a claim under Maine's Wrongful Death Act, to benefit Ettamae's survivors, David Krempels and Maxwell Ferguson, Ettamae's minor son. 18–A M.R.S.A. § 2–804. Included in Count IV is a claim for "the loss of comfort, society and companionship of Ettamae Ferguson Krempels, and severe mental and emotional distress." Complaint at ¶ 55 (Docket No. 1). The issue presented in this motion is whether David Krempels may bring a separate count for negligent infliction of emotional distress in addition to his recovery as a beneficiary under the Wrongful Death Act. The Court is persuaded by the Defendants' argument that only one recovery for emotional suffering by David M. Krempels, that provided for under the Wrongful Death Act, is proper.

■ Recovery for wrongful death in Maine is a purely statutory right. Maine's wrongful death statute was enacted to reverse the common law rule that a cause of action could not survive the decedent. Donald N. Zillman, *et al.*, Maine Tort Law § 19.06, at 19–21. Accordingly, the benefi-

---

**2.** The Complaint alleges:

David M. Krempels was present at the scene of the collision and contemporaneously perceived said collision and his wife's agony.

David M. Krempels was the husband of Ettamae Ferguson Krempels, the decedent victim, at the time of the collision.

As a direct and proximate result of contemporaneously perceiving the collision caused by

the negligence of Defendants ... David M. Krempels thereby suffered serious mental distress.

Complaint at ¶¶ 51–53. David Krempels made allegations separate and apart from this count for his "substantial and severe emotional distress relative to his own physical and mental injuries." Complaint at ¶ 44. Those claims, contained in Count I, are not at issue in this Motion.

ciaries of such an action are limited to the remedies specifically provided in the Wrongful Death Act. 18–A M.R.S.A. § 2–804. The Maine Law Court held in *Purty v. Kennebec Valley Medical Center,* 551 A.2d 858 (Me. 1988), that a plaintiff could recover under a separate claim for the negligent infliction of emotional distress if she suffered from the death of her infant daughter, "[b]ecause the [Wrongful Death] Act does not allow recovery of damages for emotional distress." *Id.* at 860.

The following year, however, the Maine Legislature amended the wrongful death statute to allow recovery for "any damages for emotional distress arising from the same facts as those constituting the underlying claim." 18–A M.R.S.A. § 2–804(b). Such recovery is subject to the $75,000 limitation on damages for "loss of comfort, society and companionship." The Statement of Fact accompanying the amendment shows that the intention of the Legislature was to reverse the effect of *Purty* and prevent plaintiffs from avoiding the limit on damages under section 2–804(b) by bringing a separate count for negligent infliction of emotional distress.[3] The result is, and there is no authority to the contrary, that "[w]here the wrongful death statute applies ... emotional distress claims may not be brought independently of the statute." Donald N. Zillman, *et al.,* Maine Tort Law § 190.06, at 19–27 (1994).[4]

There appears to be no dispute that, under the allegations in this Complaint, the wrongful death statute applies here. Ettamae's death was allegedly "caused by a wrongful act, neglect or default, and the act, neglect or

default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof." 18–A M.R.S.A. § 2–804(a). Accordingly, the separate cause of action brought by a beneficiary under the statute cannot stand.

### B. CONSCIOUS PAIN AND SUFFERING UNDER THE WRONGFUL DEATH ACT

■ The Defendants also seek summary judgment on Count V of the complaint which seeks recovery under section 2–804(c) of the Wrongful Death Act for the "conscious suffering" endured by the decedent, Ettamae Krempels, prior to her death.[5] In their motion, Defendants indicate that, under Maine law, the Estate can recover only for *conscious* suffering by the decedent prior to her death. Defendants Memorandum of Law at 4 (Docket No. 27). They further allege that there are no factual allegations to support a finding by the jury that Ettamae was conscious at any time prior to her death. To the contrary, upon a review of the record in the motion, the Court concludes that there are issues of material fact which are in dispute, *inter alia,* whether the decedent was conscious at any point after the accident. *See* Affidavit of Donna Morong (Docket No. 46). Accordingly, this claim must be submitted to a jury for a resolution of the factual dispute.

### III. CONCLUSION

Accordingly, Defendants' Motion for Partial Summary Judgment is *GRANTED* with

---

3. The Statement provides, in pertinent part:

    [*Purty* ] will permit plaintiffs to sidestep the limitations of the wrongful death laws which were intended to establish a reasonable limit on damages in wrongful death cases. This bill will reverse the effect of the decision by clarifying that the $50,000 [now $75,000] damage cap applies to damages for emotional distress arising from the same facts as those facts constituting the underlying claim.

    L.D. 795, Statement of Fact (114th Legis.1989).

4. The two Maine Law Court opinions cited by Plaintiff, *Cameron v. Pepin,* 610 A.2d 279 (Me. 1992) and *Bolton v. Caine,* 584 A.2d 615 (Me. 1990), provide no guidance to this Court on this question. In *Cameron,* the plaintiffs' wrongful

death action was settled and dismissed by stipulation of the parties. *Cameron,* 610 A.2d at 280 n. 1. In *Bolton,* the wrongful death statute had no application since there was no causal connection between the decedent's death and the alleged negligence of the defendants. *Bolton,* 584 A.2d at 616. Therefore, since the 1989 amendment, the Law Court has not been faced, as we are here, with a case in which the Wrongful Death Act applies and one of the beneficiaries has brought a separate claim for negligent infliction of emotional distress.

5. Such claim is made apart from and in addition to the general claim for statutory wrongful death in Count IV. No part of Count IV is the subject of this Motion.

respect to Count III and is *DENIED* with respect to Count V.

So *ORDERED.*