STATE OF MAINE
CUMBERLAND, ss.

Mar 31  2 37 PM '00

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-97-451

*NM-CUM - 3/31/2000*

BRETT SEYMOUR, Individually and
as Personal Representative of the
ESTATE OF BONNIE L. SEYMOUR,
and JOYCE HARRIS,

        Plaintiffs

      vs.

MAINE MEDICAL CENTER,
ALAN R. ALEXANDER, M.D., and
ROBERT D. SANSONETTI, M.D.,

        Defendants

ORDER ON DEFENDANT MAINE
MEDICAL CENTER'S MOTION
FOR SUMMARY JUDGMENT

The defendant Maine Medical Center seeks a summary judgment in its favor on all counts of the plaintiffs' complaint. For the following reasons, the motion is granted.

The plaintiffs have failed to controvert specific paragraphs in defendant Maine Medical Center's statement of undisputed material facts. Accordingly, defendant Maine Medical Center's facts are deemed admitted. See M.R. Civ. P. 7(d)(2); Saucier v. State Tax Assessor, 2000 ME 8, ¶ 5, 745 A.2d 972, 974. The court has considered the plaintiffs' statement of disputed material facts to determine whether the plaintiffs have raised additional facts that are material. See id.

The sole basis of the plaintiffs' criticism of defendant Maine Medical Center is that it allegedly breached the applicable standard of medical care "by failing to document critical events concerning the care and treatment of Bonnie Seymour

with respect to Intravenous fluids." See Def. Maine Medical Center's SUMF, ¶ 9. Although the plaintiffs attempted to raise additional material facts with regard to defendant Maine Medical Center's breach of the standard of care as the basis for Bonnie Seymour's premature discharge, those facts are not supported by the record references. See M.R. Civ. P. 7(d)(2); Pls.' SDMF, ¶¶ 5 & 7. The plaintiffs abandoned that theory during oral argument.

The plaintiffs also attempted to raise an issue of material fact regarding a joint tortfeasor theory and argued that the combined negligence of defendants Maine Medical Center and Drs. Alexander and Sansonetti contributed to the death of Bonnie Seymour. This theory was pursued at oral argument. The allegation, however, is not supported by the record reference. See Pls.' SDMF, ¶ 6[1]; see also Saucier, 2000 ME 8, ¶ 5, 745 A.2d at 974.

There is no dispute on this record that Dr. Alexander was aware of several attempts to administer IV fluids to Bonnie Seymour. See Def. Maine Medical Center's SUMF, ¶ 3. Dr. Alexander ordered the nurse to discontinue efforts to administer IV fluids. See id., ¶ 2. Dr. Alexander was aware that Bonnie Seymour had not received IV fluids. See id., ¶ 4. Dr. Sansonetti never reviewed Bonnie Seymour's records from Maine Medical Center. See id., ¶¶ 6-8.

The plaintiffs have failed to raise an issue of material fact regarding whether any negligence on the part of defendant Maine Medical Center proximately caused

---

[1]Even considering the entire record, that allegation is not supported by any record reference in any of the statements of facts filed by the plaintiffs in response to all of the defendants' motions and in support of the plaintiffs' motion for summary judgment.

2

plaintiffs' damages.   See Seashore Performing Arts Center, Inc. v. Town of Old Orchard Beach, 676 A.2d 482, 485 (Me. 1996).

The entry is

Defendant Maine Medical Center's Motion for Summary Judgment is GRANTED.  Judgment is entered in favor of Defendant Maine Medical Center and against Plaintiffs Brett C. Seymour, individually and as Personal Representative of the Estate of Bonnie L. Seymour, and Joyce Harris on the Plaintiffs' Complaint.

Date: March 31, 2000

Nancy Mills
Justice, Superior Court

CV-97-451

3

Date Filed __7-21-97__ __CUMBERLAND__ Docket No. __CV97-451__
County

Action ____PERSONAL INJURY____

BRETT C. SEYMOUR IND. AND AS
PERSONAL REP. OF THE ESTATE OF
BONNIE L. SEYMOUR AND JOYCE HARRIS

DR. ALAN R. ALEXANDER
DR. ROBERT D. SANSONETTI
~~MAINE MEDICAL CENTER~~ dismissed 3-31-00

/ vs.

Plaintiff's Attorney

Daniel G. Lilley, Esq. 774-6206
P.O. Box 4803
Portland, Maine 04112

AND DAVID KREISLER, ESQ.

DONALD L. GARBRECHT
LAW LIBRARY

APR 10 2000

Defendant's Attorney

~~Ernest Babcock, Esq. 761-0900 (MMC)~~
~~PO BOX 4726, PM 04112~~

Robert Hanson, Esq. 774-7000 (Alexande:
PO BOX 4600, PM 04112

Jack Simmons, Esq. 784-3576 (Sansonett:
PO BOX 961, Lewiston 04243

| Date of Entry | |
|---|---|
| 1997<br>July 21 | Received 7-21-97.<br>Entry of appearance of Ernest J. Babcock Esq. on behalf of<br>Maine Medical Center filed. |
| July 24 | Received 7-24-97.<br>Notice of appearance of Robert Hanson, Esq. on behalf of Dr. Alan R.<br>Alexander filed. |
| July 24 | Received 7-24-97.<br>Defendant, Maine Medical Ctr.'s Notification of Discovery Service filed.<br>Maine Medical Center's interrogatories and incorporated requests for<br>production of documents served on Daniel G. Lilley, Esq. on 7-22-97. |
| July 28 | Received 7-25-97.<br>Letter from Jack Simmons, Esq. entering his appearance on behalf of<br>Robert D. Sansonetti, MD filed. |
| Oct. 13 | Received 10-10-97.<br>Defendant, Sansonetti's, Notification of Discovery Service filed.<br>Sansonetti, M.D.'s, interrogatories propounded to the claimant served<br>on Daniel G. Lilley, Esq. on 10-9-97. |
| Dec. 3 | Received 12-2-97.<br>Defendant, Sansonetti's, Notification of Discovery Service filed.<br>Notice to take oral deposition of Joyce Harris served on Karen Morgan,<br>Esq. on 12-1-97. |
| " " | Defendant, Sonsonetti's, Notification of Discovery Service filed.<br>Notice to take oral deposition of Brett Seymour served on Karen<br>Morgan, Esq. on 12-1-97. |

go to next page

STATE OF MAINE
CUMBERLAND, ss.

APR 1 6 06 AM '00

DONALD L. GARBRECHT
LAW LIBRARY

APR 10 2000

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-97-451
*NM - CUM - 4/7/2000*

BRETT SEYMOUR, Individually and
as Personal Representative of the
ESTATE OF BONNIE L. SEYMOUR,
and JOYCE HARRIS,

Plaintiffs

vs.

MAINE MEDICAL CENTER,
ALAN R. ALEXANDER, M.D., and
ROBERT D. SANSONETTI, M.D.,

Defendants

ORDER ON MOTIONS TO DISMISS
AND FOR SUMMARY JUDGMENT
OF DEFENDANTS ALEXANDER,
SANSONETTI, AND MAINE
MEDICAL CENTER

In the motions to dismiss, the defendants Drs. Alexander and Sansonetti[1] (defendants) argue that plaintiff Joyce Harris, the decedent Bonnie Seymour's mother, is not an appropriate plaintiff for an action under the Wrongful Death Act. See Plaintiffs' Complaint, Count I; 18-A M.R.S.A. § 2-804 (1998). Further, the defendants argue that emotional distress claims cannot be brought independently of the Wrongful Death Act. See Plaintiffs' Complaint, Counts II & III. In the motions for summary judgment, the defendants argue that plaintiff Brett Seymour is not entitled to recover damages for emotional distress under the Wrongful Death Act. See Plaintiffs' Complaint, Count I. For the following reasons, the defendants' motions to dismiss counts II and III of the plaintiffs' complaint are granted. Defendants' motions to dismiss plaintiff Joyce Harris as a plaintiff in count I are

---

[1]Defendant Maine Medical Center joined in the motions; its motions are moot. See Order of 3/31/00.

granted. Defendants' motions for summary judgment regarding the claims brought by Brett Seymour in his individual capacity for emotional distress in count I are granted.

COUNTS II & III: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

A.   Brett Seymour

The allegations in count II of the complaint make clear that the basis of plaintiff Brett Seymour's individual claim under the Wrongful Death Act in count I are the same facts alleged in his claim for negligent infliction of emotional distress in count II. Because the Wrongful Death Act applies to these facts, Brett Seymour may not bring an emotional distress claim independent of the Act. See 18-A M.R.S.A. § 2-804 (damages may be awarded for "emotional distress arising from the same facts as those constituting the underlying claim . . . ."); Feighery v. York Hospital, 38 F.Supp. 2d 142, 157 (D.Me. 1999); Krempels v. Mazyck, 868 F. Supp. 355, 357-58 (D.Me. 1994).

B.   Joyce Harris

The plaintiffs agreed at oral argument that Joyce Harris, the mother of the decedent Bonnie Seymour, is not an appropriate plaintiff to bring claims pursuant to the Wrongful Death Act. See 18-A M.R.S.A. § 2-804 (exclusive benefit of surviving spouse and/or minor children). The Legislature has made clear that the Wrongful Death Act is the exclusive remedy for a wrongful death. See Krempels, 868 F. Supp. at 358; L.D. 795, Statement of Fact (114th Legis. 1989). The Legislature could not have intended to place a cap on damages for emotional distress for a

2

surviving spouse and minor children resulting from a death but to allow unlimited damages for emotional distress arising out of the same facts to potential plaintiffs other than the surviving spouse and minor children of a decedent. See Petitioning Creditors of Melon Produce, Inc. v. Braunstein, 112 F.3d 1232, 1237 (1st Cir. 1997) (when possible, statutes should be construed in commonsense manner to avoid absurd or counterintuitive results).

## COUNT I: BRETT SEYMOUR'S CLAIM FOR EMOTIONAL DISTRESS

In order to recover damages for emotional distress, plaintiff Brett Seymour must prove that he was present at the scene when the cause of action accrued, that he suffered serious mental distress as a result of contemporaneously perceiving the accrual of that cause of action, i.e., a contemporaneous awareness that the defendants' conduct is the cause of the resulting harm, and that he was closely related to the victim. See Nelson v. Flanagan, 677 A.2d 545, 547-49 (Me. 1996). There is no dispute in this case that Brett Seymour was closely related to the victim, his wife. See Def. Alexander's SUMF, ¶ 18.

### Dr. Alexander

Plaintiff Brett Seymour has failed to raise an issue of material fact regarding his presence when the alleged cause of action against Dr. Alexander accrued. Plaintiff Brett Seymour admitted that he never met Dr. Alexander while Bonnie Seymour was alive, was not at the hospital when she was under Dr. Alexander's care or when she was discharged, and never witnessed anyone providing treatment or care to Bonnie Seymour. See Def. Alexander's SUMF, ¶¶ 17-18; Pls.' Response to

3

Def. Alexander's SUMF, ¶¶ 17-18. Plaintiff Brett Seymour's subsequent contradictory allegation that he was present throughout the discharge process is not supported by the reference to the Seymour deposition. See Pls.' SDMF, ¶ 5. The reference to the Harris deposition provides that Ms. Harris and Mr. Seymour were present "through the discharge process" but Ms. Harris did not recall having contact with hospital personnel during that process. See Pls.' SDMF, ¶ 5. Finally, the plaintiff Brett Seymour has failed to raise an issue of material fact regarding his suffering serious emotional distress. The allegations regarding emotional distress are not supported by any record references. See Pls.' SDMF, ¶¶ 6 & 9 (incorrectly cited as ¶ 5); M.R. Civ. P. 7(d)(2).

### Dr. Sansonetti

Dr. Sansonetti's statement of undisputed facts contains no record references. See Def. Sansonetti's SUMF, ¶¶ 1-7. The plaintiff Brett Seymour did not object to the Sansonetti statement of facts and responded to those facts. See Pls.' Response to Def. Sansonetti's SUMF, ¶¶ 1-7; see also Biette v. Scott Dugas Trucking and Excavating, Inc., 676 A.2d 490, 495 (Me. 1996) (failure to object to affidavit based on information and belief).

In response to Dr. Sansonetti's statement of facts, plaintiff Brett Seymour states, also without reference to the record, that he was able to hear Bonnie Seymour's side of the telephone conversation with Dr. Sansonetti. See Pls.' Response to Dr. Sansonetti's SUMF, ¶ 6. Assuming that plaintiff Brett Seymour has raised an issue of fact regarding his presence at the time the cause of action accrued,

he has failed to raise an issue of fact regarding either his contemporaneous perception of the accrual of the cause of action or his emotional distress. In his statement of disputed facts, plaintiff Brett Seymour states that he "observed the negligent conduct of Dr. Sansonetti, appreciated that the conduct was negligent at the time and suffered severe emotional distress as a result." See Pls. SDMF, ¶ 2. The record references for that allegation are the entire depositions of Mr. Seymour and Ms. Harris. See Corey v. Norman, Hanson & DeTroy, 1999 ME 196, ¶ 8, 742 A.2D 933, 938 (Rule 7(d)(2) intended to avoid court's "exhaustive review of the record.") After a complete review of the two depositions of Brett Seymour and the deposition of Joyce Harris, there is no support whatsoever for the allegation contained in paragraph 2. See, e.g., Seymour Dep. (2/26/98) at 62; Seymour Dep. (12/29/99) at 4-5; Harris Dep. (2/26/98) at 11; see also Steeves v. Bernstein, Shur, Sawyer & Nelson, 1998 ME 210, ¶ 10, 718 A.2d 186, 189-90 n.9 (inaccurate record references). A second allegation that Brett Seymour suffered emotional distress is not supported by the record references. See Pls.' SDMF, ¶ 5; M.R Civ. P. 7(d)(2).

The entry is

Defendants Drs. Alexander and Sansonetti's Motions to Dismiss Counts II and III of the Plaintiffs' Complaint are GRANTED. Counts II and III of the Plaintiffs' Complaint are dismissed with prejudice.

Defendants Drs. Alexander and Sansonetti's Motions to Dismiss Plaintiff Joyce Harris as a Plaintiff in Count I of the Plaintiffs' Complaint are GRANTED. Joyce Harris is DISMISSED with prejudice as a Plaintiff in Count I of the Plaintiffs' Complaint.

Defendants Drs. Alexander and Sansonetti's ' Motions for Summary Judgment on Plaintiff Brett Seymour's claim for damages for emotional distress in Count I of the Plaintiffs' Complaint are

5

GRANTED. Judgment is entered in favor of the Defendants Drs. Alexander and Sansonetti and against Plaintiff Brett Seymour on his claim for damages for emotional distress in Count I of the Plaintiffs' Complaint.

Date: April 6, 2000

Nancy Mills
Justice, Superior Court

6

Date Filed __7-21-97__ __CUMBERLAND__ Docket No. __CV97-451__
County

Action ____PERSONAL INJURY____

BRETT C. SEYMOUR IND. AND AS
PERSONAL REP. OF THE ESTATE OF
BONNIE L. SEYMOUR AND JOYCE HARRIS

DR. ALAN R. ALEXANDER
DR. ROBERT D. SANSONETTI
~~MAINE-MEDICAL-CENTER~~ dismissed 3-31-0C

vs.

Plaintiff's Attorney

Daniel G. Lilley, Esq. 774-6206
P.O. Box 4803
Portland, Maine 04112

AND DAVID KREISLER, ESQ.

Defendant's Attorney
~~Ernest Babcock, Esq. 761-0900 (MMC)~~
~~PO BOX 4726, PM 04112~~

Robert Hanson, Esq. 774-7000(Alexande
PO BOX 4600, PM 04112

Jack Simmons, Esq. 784-3576(Sansonetti
PO BOX 961, Lewiston 04243

ate of
Entry