STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss                                    CIVIL ACTION
                                                  DOCKET NO. CV-20-372


546 SHORE, LLC, HUGH O'SHEA,
MARGARET O'SHEA, AND HUGH
O'SHEA AND MARGARET O'SHEA
ON HEHALF OF NORA O'SHEA
                                         ORDER
        Plaintiffs

    v.

DEARBORN BROTHERS
CONSTRUCTION, INC.,

        Defendant


    This matter comes before the court on Defendant, Dearborn Brothers

Construction's, Motion for Summary Judgment. After due consideration, Defendant's

Motion is denied.

## I. Factual Background

    The Plaintiffs own and live in a home in Cape Elizabeth, Maine. On May 16, 2019,

the Defendant construction company was conducting utility work on a water pipe in the

vicinity of Plaintiffs' home. During the utility project, the Defendant caused a large

amount of water to flood and damage the Plaintiffs' home. The Plaintiffs were present

for the incident and described it as traumatic. However, none of the Plaintiffs suffered

physical injury as a result of the incident. The Defendant has conceded that it was

negligent during the course of the utility project and that its negligence caused the

Plaintiffs' home to flood.

1

The Plaintiffs instituted the present lawsuit against the Defendant alleging that its negligence indeed caused damage to Plaintiffs' property and that they have also suffered various non-physical damages, including: annoyance and discomfort; interference with and diminution of their enjoyment of their property; and emotional distress. The Plaintiffs and Defendant appear to have reached a settlement regarding the physical damage caused to Plaintiffs' property. The only issue left for trial is Plaintiffs attempt to recover the non-physical damages alleged. The Defendant has filed this Motion for Summary Judgment arguing that the Plaintiffs are not entitled to recover these non-physical damages as a matter of law.

## II. Summary Judgment Standard

A party is entitled to summary judgment when review of the parties' statements of material facts and the record to which the statements refer, demonstrates that there is no genuine issue as to any material fact in dispute. *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821; M.R. Civ. P. 56(c). "Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." M. R. Civ. P. 56(h)(4). A contested fact is "material" if it could potentially affect the outcome of the case. *Id.* A "genuine issue" of material fact exists if the claimed fact would require a factfinder to "choose between competing versions of the truth." *Dyer*, 2008 ME 106, ¶ 14, 951 A.2d 821 (quotations omitted). To survive a defendant's motion for summary judgment, the plaintiff must establish a prima facie case for every element of the plaintiff's cause of action. *See Savell v. Duddy*, 2016 ME 139, ¶ 18, 147 A.3d 1179. The court reviews the evidence in the light most favorable to the non-moving party. *Id.*

## III. Discussion

In a straightforward negligence claim, the plaintiff must prove that the defendant

2

breached a duty of care owed to the plaintiff and that the defendant's breach of the requisite duty of care caused the plaintiff to suffer damages. *See Bell ex re. Bell v. Dawson,* 2013 ME 108, ¶ 17, 82 A.3d 827.

Here, the Defendant argues that the Plaintiffs' lawsuit is not a straightforward negligence claim because Plaintiffs are attempting to recover damages that were the result of non-physical injuries. The Defendant furthers that these non-physical injuries are more accurately described as an attempt to recover emotional distress damages. The Defendant argues that because the Plaintiffs are attempting to recover emotional distress damages, the Plaintiffs lawsuit is actually a claim for negligent infliction of emotional distress ("NIED"). Recovery on an NIED claim is more limited and requires that a plaintiff overcome significant hurdles to establish that the defendant owed the plaintiff a duty of care. *See Curtis v. Porter,* 2001 ME 158, ¶ 9, 784 A.2d 18. The Defendant here concludes that it is entitled to Summary Judgment because the Plaintiffs cannot establish that the Defendant owned them a duty of care to avoid the emotional harm alleged.

Based on the forgoing, the court must determine whether Plaintiffs' negligence claim is actually a claim for NIED.

**A. Negligence versus NIED Claims**

"Liability in negligence . . . ordinarily requires proof of personal injury or property damage." *In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.,* 2010 ME 93, ¶ 9, 4 A.3d 492. However, "the victim of negligent conduct [also] has a legally protected interest in [their] psychic health" and may bring an action to recover damages that result from a tortfeasors negligent infliction of emotional harm. *Champagne v. Mid-Maine Med. Ctr.,* 1998 ME 87, ¶ 6, 711 A.2d 842. Unlike pure negligence claims however, "[p]laintiffs claiming negligent infliction . . . face a significant hurdle in establishing the requisite duty[.]" *Id. See Bryan R. Watchtower Bible & Tract Soc'y, Inc.,* 1999 ME 144, ¶ 30, 738 A.2d

3

839. "However, . . . [if a] separate tort . . . allows a plaintiff to recover for emotional suffering, the claim for [NIED] is usually subsumed in any award entered on the separate tort." *Curtis v. Porter*, 2001 ME 158, ¶ 19, 784 A.2d 18.

Here, the Plaintiffs argue that they are entitled to recover emotional damages because the emotional damages suffered were the result of the Defendant's negligent act that damaged the Plaintiffs' real property. Under this theory, the Plaintiffs would be entitled to recover emotional distress damages because such would be subsumed into the award that the Plaintiffs could recover on their independent negligence claim. The Superior Court has previously considered this issue, stating that:

> "because the plaintiffs have formulated their damage claim [as a tort separate from NIED], it must be determined whether the record provides factual support for an argument that the defendant committed a tort separate from the tort of NIED. If so, and if that separate tort constitutes the basis for recovering damages due to emotional distress, then the plaintiffs may proceed with their claims here."

*White v. Bishop*, 2003 Me. Super. LEXIS 118, *4 (Me. Super. July 7, 2003).

In *White*, the plaintiffs claimed that the defendant caused physical damage to their property when he negligently crashed his vehicle onto plaintiffs' property. *Id.* at *2. The plaintiffs did not witness the incident and were not physically injured. *Id.* Moreover, the plaintiffs did not seek recovery for the damage defendant caused to plaintiffs' real property. *Id* at *5. Nonetheless, the Superior Court held that the plaintiffs could claim emotional distress damages under the circumstances without regard to the heightened NIED standards. *Id.* The Court specifically held that the independent claim of general negligence, which was established by the defendant's negligent operation of the vehicle, was sufficient to allow the plaintiffs to recover emotional distress damages. *Id.* The Court ruled that the Plaintiffs could seek such damages even though the plaintiffs did not also seek recovery for the physical damage to their real property. *Id.*

4

Here, the Plaintiffs allege that the Defendant was negligent in its work related to the utility project in front of Plaintiffs' home and that, as a result of that negligent conduct, damaged Plaintiffs' real property. This independent claim of general negligence is sufficient to allow the Plaintiffs to recover emotional distress damages without regard to the heightened NIED standards. Unlike the plaintiffs in *White*, who did not seek to recover for damages caused to their real property, the Plaintiffs here claim that the Defendant's negligence caused extensive real property damage. Although the parties appear to have settled Plaintiffs' claims for damages related to that property damage, the emotional distress damages at issue here flow directly from the negligent act which entitle Plaintiffs to recover such damages. Accordingly, because there is sufficient evidence to suggest that the Defendant negligently caused damage to Plaintiffs' home, the Plaintiffs' claims for emotional damages that resulted from that incident are subsumed into the Plaintiffs' general negligence claim.

The Defendant's argument that the Plaintiffs cannot recover emotional damages in a negligence claim that does not include physical injury is also unavailing. The Defendant cites *Wyman v. Leavitt* to support its claim that emotional damages cannot be recovered in instances where a plaintiff suffers property damage only. 71 Me. 227 (1880). However, the Superior Court in *White* again addressed this very issue. In *White*, the Court observed that "although the Law Court [has] delicately declined to overrule *Wyman*, it has eliminated Wyman's [sic] requirement of physical harm and other conditions that had been superimposed onto claims for emotional distress." *White*, 2003 Me. Super. LEXIS at *6; *citing Gammon v. Osteopathic Hospital of Maine, Inc.*, 534 A.2d 1282, 1286 (Me. 1987); *Devine v. Roche Biomedical Laboratories, Inc.*, 637 A.2d 441, 447 (Me. 1994). The court here declines to depart from the Superior Court's unambiguous ruling in *White* that emotional distress damages are recoverable in instances where a plaintiff does not suffer

5

physical injury.

## IV. Conclusion

Defendant's Motion for Summary Judgment is premised solely on the argument that the Plaintiffs are not entitled to recover damages for emotional suffering under the circumstances. The Defendant has conceded that it negligently caused damage to Plaintiffs' real property. This independent negligence claim is sufficient to allow the Plaintiffs to recover damages for emotional suffering without regard to the heightened standards applicable to claims for NIED. Accordingly, it would be inappropriate to enter summary judgment on such grounds.

The entry is:

Defendant's Motion for Summary Judgment is DENIED.

Maine Rule of Civil Procedure 79(a).

Date: August 20, 2021

MaryGay Kennedy
Justice, Superior Court