**Judith C. BOLTON**

v.

**Brian J. CAINE, et al.**

Supreme Judicial Court of Maine.

Argued Nov. 15, 1990.
Decided Dec. 18, 1990.

William S. Silsby, Jr., Raymond Williams (orally), Ellsworth, for plaintiff.

Paul F. Macri (orally), Berman, Simmons, & Goldberg, P.A., Lewiston, for Cruickshank.

Philip K. Clarke (orally), Gross, Minsky, Mogul & Singal, P.A., Bangor, for Caine.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

WATHEN, Justice.

Plaintiff Judith Bolton, personal representative of the estate of Margery MacDonald, appeals the summary judgments entered in favor of defendants Brian J. Caine, M.D. and Frank Cruickshank, M.D. in the Superior Court (Hancock County, *Browne, J.*).[1] Plaintiff contends that her complaint contains an actionable claim for negligent infliction of emotional distress even if summary judgment was appropriately granted on her claims under the wrongful death statute, 18–A M.R.S.A. § 2–804 (1981 & Supp.1984). We agree and vacate the judgments on Counts IV and V of plaintiff's complaint.

The following uncontroverted facts were developed in connection with the motions for summary judgment. On October 7, 1983, defendant Brian J. Caine, M.D. treated plaintiff's decedent Margery MacDonald for an injured hip and wrist in the emergency room of the Mount Desert Island Hospital in Bar Harbor. As part of the treatment, defendant Caine ordered x-rays which were reviewed and interpreted by defendant Frank Cruickshank, M.D., a radiologist at the hospital. In his report of the x-rays, defendant Cruickshank noted the presence of "an ill-defined density in the upper left lobe" of the chest and recommended further investigation and careful monitoring. Neither defendant communicated the presence of this density to Mrs. MacDonald.

On July 19, 1984, a chest x-ray taken in her home state of California revealed that Mrs. MacDonald had cancer of the left lung. Her California physician, Robert Spencer, M.D., sent for the x-rays taken in Bar Harbor and, after studying them, informed her that the cancerous lesion had been visible on those films taken nine months before he made his diagnosis. According to Dr. Spencer's affidavit, "[h]er distress at not having had the information in a timely manner and the doubt it raised in her mind as to whether or not treatment opportunities had been missed were very real." Mrs. MacDonald died of cancer on June 17, 1985. Pathology reports, available only after her death, indicated that her cancer was in such an advanced state at the time of the Bar Harbor x-rays that earlier diagnosis and treatment would have been to no avail.

Initially believing that defendants' negligence had caused Mrs. MacDonald's death, plaintiff filed a wrongful death action, pursuant to 18–A M.R.S.A. § 2–804. When the autopsy report later revealed that Mrs. MacDonald's death was not, in fact, caused by defendants' inaction, plaintiff conceded the invalidity of her wrongful death claim, but asserted that Counts IV and V included a claim for negligent infliction of emotional distress. Those counts seek "damages recoverable at common law for [Mrs. MacDonald's] conscious suffering." In granting defendants' motions for summary judgment, the Superior Court accepted their argument that plaintiff's claim is governed solely by the wrongful death statute with 18–A M.R.S.A. § 2–804(c) providing the exclusive remedy for any psychological injuries suffered by the decedent prior to her death.

■ All parties agree that no causal connection exists between defendants' alleged negligence and the decedent's death. Because the wrongful death statute only applies when a person's death is "caused by a wrongful act, neglect or default" of another person, it has no application to the cause of action plaintiff now asserts. 18–A M.R.S.A. § 2–804(a). The Superior Court correctly granted summary judgment on the

---

**1.** This case was the subject of an earlier appeal in which we vacated the dismissal of the complaint by the Superior Court, holding that "the 'discovery rule' for 'foreign object' malpractice adopted in *Myrick v. James,* 444 A.2d 987 (Me. 1982), should be extended to this case involving a physician's diagnostic malpractice." *Bolton v. Caine,* 541 A.2d 924, 924 (Me.1988).

counts in plaintiff's complaint that rely on the wrongful death statute, but Counts IV and V remain actionable if they state a claim for negligent infliction of emotional distress.[2]

■ Defendants now argue that plaintiff's claim for negligent infliction of emotional distress must fail due to the terminology used in the complaint. The phrase "conscious suffering" is generally understood as referring to the physical suffering of a conscious person. Under the wrongful death statute, recovery is allowed for conscious suffering if it precedes death resulting from the wrongful act or omission of another. *Id.* § 2–804(c). Defendants maintain that plaintiff did not state a claim for negligent infliction of emotional distress because she used the words "conscious suffering" in her complaint rather than "emotional distress." We disagree, preferring to construe the "pleadings in favor of the pleader and in the interests of substantial justice." *Chiappetta v. LeBlond,* 505 A.2d 783, 785 (Me.1986).

"The function of the complaint is to provide fair notice of a claim." *Rubin v. Josephson,* 478 A.2d 665, 669 n. 4 (Me. 1984). It must sufficiently apprise defendants of the nature of the action against them. Plaintiff's complaint provided fair notice of her claim for emotional distress. Moreover, plaintiff explicitly stated the nature of her claim in her memorandum opposing summary judgment. In their response, defendants acknowledged that plaintiff was seeking recovery for emotional distress, but argued that the wrongful death statute provides the exclusive remedy for such injuries and is inapplicable because of the absence of a causal connection between defendants' negligence and the decedent's death. At no point in the Superior Court did defendants argue that the language in Counts IV and V did not provide notice of a claim for mental distress. Had they done so, the court could have considered granting leave to amend the complaint. We hold that plaintiff's complaint states a claim for negligent infliction of emotional distress and that the Superior Court erred in ruling that the wrongful death statute is plaintiff's exclusive remedy for her claim.

■ Defendants seek to uphold the grant of summary judgment by arguing in the alternative that there is no factual suggestion that the decedent sustained actionable psychological injuries, or if there were, that such injuries could foreseeably result from defendants' negligence. Accordingly, they contend that they are entitled to a judgment as a matter of law. M.R.Civ.P. 56(c). *See Baybutt Construction Corp. v. Commercial Union Ins. Co.,* 455 A.2d 914, 917 (Me.1983) ("Where the trial court's ultimate conclusion is correct in law, it must be sustained on appeal, although its conclusion may have been reached by an incorrect process of legal reasoning.").

We have previously recognized that emotional distress constitutes a compensable injury. *Purty v. Kennebec Valley Medical Center,* 551 A.2d 858, 859 (Me.1988); *see also Gammon v. Osteopathic Hosp. of Maine,* 534 A.2d 1282, 1283 (Me.1987); *Rowe v. Bennett,* 514 A.2d 802, 807 (Me. 1986). Prior to *Gammon* and *Rowe,* compensation for emotional distress was provided only "when the emotional distress [was] intentionally or recklessly inflicted, when the emotional distress result[ed] from physical injury negligently inflicted, or when negligently inflicted emotional distress result[ed] in physical injury." *Gammon v. Osteopathic Hosp. of Maine,* 534 A.2d at 1283.

In *Gammon,* the plaintiff brought an action against a hospital and a funeral home for negligent infliction of severe emotional distress after discovering a human leg in a bag which he believed to contain his recently deceased father's personal be-

**2.** The wrongful death statute provides for the recovery of damages for the emotional distress of the surviving spouse and minor children, but not of the decedent herself. 18–A M.R.S.A. § 2–804(b) (Supp.1990). The decedent's claim for negligent infliction of emotional distress survives her death under Maine's survival statute, which states in pertinent part: "No personal action or cause of action shall be lost by the death of either party, but the same shall survive for and against the personal representative of the deceased...." *Id.* § 3–817(a) (1981).

longings. *Id.* Generally, Maine law had "required a showing of physical impact, objective manifestation, underlying or accompanying tort, or special circumstances" to "ensure that a claim for emotional distress without physical injury [was] not spurious," but in *Gammon* we held that "these more or less arbitrary requirements should not bar Gammon's claim for compensation for severe emotional distress." *Id.* Stressing that "[j]urors or trial judges will be able to evaluate the impact of psychic trauma with no greater difficulty than pertains to assessment of damages for any intangible injury," we relied on the "traditional tort principle of foreseeability" to provide "adequate protection against unduly burdensome liability claims for emotional distress." *Id.* at 1285. In *Rowe*, we stated that "an action may be maintained by a patient for serious mental distress caused by the negligence of his therapist despite the absence of an underlying tort." *Rowe v. Bennett*, 514 A.2d at 806.

As in *Rowe*, plaintiff's complaint in the present case "does state a claim on which relief can be granted and there are genuine issues of fact regarding the elements thereof." *Id.* at 807. A factfinder could find it foreseeable that a patient might suffer psychological harm as the result of her physicians' breach of duty to inform her of critical information relevant to a potential life-threatening illness.

Defendants further contend that because the decedent's condition was irreversible, any mental suffering she experienced was based on a misconception that earlier diagnosis and treatment might have altered the course of her disease. They argue that her "wholly unfounded" and "erroneous beliefs cannot create a cause of action." Stating that "[i]t is impossible to foresee that an individual suffers under delusions," defendants argue that "[i]f such misconceptions could form the basis of a claim for emotional distress, foreseeability is totally dispensed with and potentially any activities would give rise to such a claim." We disagree. A factfinder could conclude that the decedent's anguish about the time lost for treatment options was

entirely reasonable based on the information available to her at that time. Because genuine issues of fact remain, the judgments of the Superior Court cannot stand.

The entry is:

Judgments vacated on Counts IV and V of plaintiff's complaint. Remanded for further proceedings consistent with the opinion herein.

All concurring.