STATE OF MAINE                           SUPERIOR COURT
HANCOCK, ss.                             CIVIL ACTION
                                         DOCKET NO. CV-09-26
                                         KMC -HAN - 2/2/2010


JUSTIN LIMEBURNER and
TINA LIMEBURNER

        Plaintiffs

v.

ERIC S. MURPHY, SR. d/b/a
ERIC S. MURPHY TRUST and
d/b/a MURPHY HOME LOANS,
ERIC S. MURPHY, JR.,
d/b/a MURPHY HOME LOANS

        Defendants


**DECISION and ORDER**

Defendants Eric. S. Murphy, Sr. and the Eric S. Murphy
Trust filed a Motion to Dismiss the Amended Complaint of
Plaintiffs Justin Limeburner and Tina Limeburner. This
motion is filed pursuant to Rule 12(b)(6) alleging that the
complaint fails to state a claim upon which relief can be
granted. The Amended Complaint was filed following a
conference of counsel and the court at which the Court
encouraged the filing of the amended complaint to state
with more particularity the facts that would form the basis
for a viable legal claim. The intention was to avoid
unnecessary discovery, which would be expensive to the
parties and time consuming to all. This prompted the

1

filing of an 'amended complaint' which prompted a further filing of the Motion to Dismiss.

The Law Court provided updated guidance on the standards to be met by notice pleading in the case of *Town of Stonington v. Galilean Gospel*, 1999 ME 2, ¶14, 722 A.2d 1269, 1272. In that case the Court advised

> "(M)odern notice pleading practice requires "a short and plain statement of the claim" to provide fair notice of the cause of action, M.R. Civ. P. 8(a)(1), but use of any particular "magic" words are not required to state a particular claim. We construe the "pleadings in favor of the pleader and in the interests of substantial justice." Chiappetta v. LeBlond, 505 A.2d 783, 785 (Me.1986); M.R. Civ. P. 8(f). "The function of the complaint is to provide fair notice of a claim.' . . . It must sufficiently apprise defendants of the nature of the action against them." Bolton v. Caine, 584 A.2d 615, 617 (Me. 1990) (quoting Rubin v. Josephson, 478 A.2d 665, 669 n.4 (Me. 1984)).

In that context a Motion to Dismiss is to be reviewed in a light most favorable to the Plaintiff to determine whether it sets for elements of a cause of action or alleges facts that would entitle Plaintiff to relief. It must appear beyond a doubt that Plaintiff is not entitled to relief to justify granting the Motion. Saunders v. Tisher 2006 ME 94, ¶8, 902 A.2d 830, 832.

Defendant Murphy, Sr.'s Motion focuses on Counts 1 through 4 and 6 through 9 as they relate to the Murphy Sr. Defendants.

## Discussion

The Court has reviewed the Amended Complaint construing the pleading in favor of the pleader (Plaintiffs) and guided by the mandate that the purpose of the complaint is to provide fair notice of a claim. Defendant Murphy, Sr.'s arguments define the issue at this stage of the proceeding. While it is true that a Motion to Dismiss under Rule 12(b)(6) can be converted into a Motion for Summary Judgment (Rule 56 M.R.Civ.P) if matters outside the pleadings are presented, no such matters were presented here other than argument that does not convert the 12(b)(b) Motion.

Defendants Murphy, Sr., argue (B) that no factual allegations are made against the Murphy, Sr. Defendants. That point is correct, but not dispositive at this stage. Plaintiff has elected to group the Defendant's together with broad stroke allegations. While it will be important as a matter of proof at trial (and potentially summary

judgment) what facts are identified with Defendants Murphy, Sr., at this pleading stage it is sufficient that the broad stroke allegations allege a theory of recovery and Defendants Murphy, Sr., have notice of that theory.

Defendant Murphy, Sr., argue (C) that Plaintiffs are not consumers and the transaction was a commercial transaction outside the scope of the Maine Consumer Credit Code (i.e. MCCC 9-A M.R.S. §1-102 et seq.). Whether or not there is a factual dispute on those points, or it is undisputed, is for another time. At this stage, Plaintiffs have alleged in Count 1, a claim upon which they may be entitled to recover and the Motion to Dismiss Count 1 is denied.

As to Count 2, Defendants Murphy, Sr., argue facts. Plaintiffs have alleged they are consumers and have been damaged by Defendants (all Defendants) violating the Maine Truth in Lending Act (MTILA- 9-A §8-206-A). It is for another proceeding to establish facts through admissible evidence (either contested at trial or uncontested at a motion for summary judgment). Consistent with notice pleadings, Plaintiffs have alleged a claim upon which they

4

can recover and notice of the claim has been adequately given. The Motion to Dismiss Count 2 is denied.

With regard to Count 3 (Defendants' argument E), Plaintiffs relying on their allegation that they were 'consumers' allege a violation of the Consumer Credit Code with regard to Consumer Credit Transactions Made To Acquire Real Estate or Secured By First-Lien Mortgages (9-A M.R.S. §9-101 et seq.). Again, we are dealing with 'allegations' which Defendants Murphy, Sr., contest. In terms of pleadings, Plaintiffs have pled a claim upon which relief can be granted if the facts are demonstrated to exist. That latter point is properly challenged later in the process. The Motion to Dismiss Count 3 is denied.

Count 4 of Plaintiffs' complaint (Defendants' argument F) alleges a violation of the Unfair Trade Practices Act (5 M.R.S. §208-A et seq.) Whether or not the allegations in Plaintiffs complaint at Count 4 qualify as unfair trade practices is a factual question (*State v. Weinschenk* 2005 ME 28, ¶8, 868 a.2d 200, 204) and not for decision as a factual matter at this stage of the proceeding. Plaintiffs have stated a claim upon which

5

relief can be granted under the theory presented and the Motion to Dismiss Count 4 is denied.

With respect to Count 6, Breach of Contract, Defendants suggest even if the claims alleged are taken as true (Defendants' argument G), the lack of privity defeats the claim. Contested facts are not to be argued at this stage, as indicated above. The issue is not whether one agrees with the allegations but whether they state a claim, notice of which has been given to the Defendants Murphy, Sr. The Court is satisfied that Plaintiffs have alleged by this count a breach of contract by "Defendants" (all) with reference to a loan financing agreement. The Motion to Dismiss Count 6 is denied.

Concerning Count 7 (Defendants argument H) regarding fraudulent/negligent misrepresentations, the Court is satisfied that Rule 9 (b) M.R.Civ.P. has been complied with and Defendants Murphy, Sr. have notice of the theory Plaintiffs are relying on to recover damages. The Motion to Dismiss Count 7 is denied.

Count 8 alleged a theory of recovery based on an implied covenant of good faith and fair dealing. This

6

Motion to Dismiss is granted as to Count 8. The Law Court in 2002 advised as follows: "(W)e have declined to impose a duty of good faith and fair dealing except in circumstances governed by specific provisions of the Uniform Commercial Code. See *First NH Banks Granite State v. Scarborough*, 615 A.2d 248, 250-51 (Me. 1992)." *Haines v. Great N. Paper, Inc.*, 2002 ME 157, P15 (Me. 2002) As in Haines, there is no allegation that the Commercial Code is involved in this matter

Exemplary/Punitive Damages

In Counts 2,3,4 and 7, Plaintiffs prayer for relief claims 'exemplary' damages. Since 1985, the law in Maine has been that exemplary/punitive damages must be alleged in the context of malice, express or implied. Absent those allegations, the defendant is not put on notice that such damages are at issue. Simply to use the word 'exemplary' is insufficient to properly allege punitive damages and raise that issue. Defendants Murphy, Sr.'s Motion to Dismiss with respect to 'exemplary' damages is granted as to counts 2,3,4, and 7. Plaintiffs do allege malice in Count 9, but that count is only directed at Defendants Murphy, Jr.

7

It is Ordered that Count 8 is dismissed as to Defendants Murphy, Sr. and the claims for exemplary/punitive damages in Counts 2,3,4 and 7 are dismissed. In all other respects, Defendants Murphy, Sr.'s Motion to Dismiss is denied.

At the direction of the Court, this Order shall be incorporated into the docket by reference. Rule 79(a) M.R.Civ.P.

Dated February 2, 2010

Kevin M. Cuddy

Justice, Superior Court

JUSTIN LIMEBURNER  - PLAINTIFF

Attorney for: JUSTIN LIMEBURNER
DAVID J VAN DYKE  - RETAINED 05/04/2009
HORNBLOWER LYNCH RABASCO & VANDYKE
261 ASH STREET
PO BOX 116
LEWISTON ME 04243-0116

TINA LIMEBURNER  - PLAINTIFF

Attorney for: TINA LIMEBURNER
DAVID J VAN DYKE  - RETAINED 05/04/2009
HORNBLOWER LYNCH RABASCO & VANDYKE
261 ASH STREET
PO BOX 116
LEWISTON ME 04243-0116


vs
ERIC S MURPHY, SR. DBA  - DEFENDANT

Attorney for: ERIC S MURPHY, SR. DBA
ALEXANDER WILSON SAKSEN  - RETAINED 05/27/2009
DRUMMOND & DRUMMOND
ONE MONUMENT WAY
PORTLAND ME 04101

ERIC S MURPHY, JR. DBA  - DEFENDANT


SUPERIOR COURT
HANCOCK, ss.
Docket No   ELLSC-CV-2009-00026

**DOCKET RECORD**

Filing Document: COMPLAINT                    Minor Case Type: CONTRACT
Filing Date: 05/04/2009

## Docket Events:

05/04/2009 FILING DOCUMENT - COMPLAINT FILED ON 05/04/2009

05/06/2009 Party(s):  JUSTIN LIMEBURNER
           ATTORNEY - RETAINED ENTERED ON 05/04/2009
           Plaintiff's Attorney: DAVID J VAN DYKE

           Party(s):  TINA LIMEBURNER
           ATTORNEY - RETAINED ENTERED ON 05/04/2009
           Plaintiff's Attorney: DAVID J VAN DYKE

05/06/2009 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 05/06/2009

05/21/2009 Party(s):  ERIC S MURPHY, JR. DBA
           SUMMONS/SERVICE - CIVIL SUMMONS FILED ON 05/20/2009

05/21/2009 Party(s):  ERIC S MURPHY, JR. DBA
           SUMMONS/SERVICE - CIVIL SUMMONS SERVED ON 05/05/2009

05/27/2009 Party(s):  ERIC S MURPHY, SR. DBA
           MOTION - OTHER MOTION FILED ON 05/27/2009
           FOR MORE DEFINITE STATEMENT