STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-13-87

CORNELIUS MOYLAN, et al.,

Plaintiffs,

v.

ORDER

LESLIE WU, M.D., et al.,

STATE OF MAINE
Cumberland ss Clerk's Office

DEC 16 2016

RECEIVED

Defendants.

Before the court is a motion for partial summary judgment by defendants Leslie Wu, M.D., and Maine Surgical Care Group.

Defendants are seeking summary judgment on the independent claims for negligent infliction of emotional distress (NIED) brought by both plaintiff Cornelius Moylan and by Patricia Moylan.

Defendant Maine Surgical Care Group is also seeking partial summary judgment on all claims except a claim of vicarious liability for the alleged negligence of Dr. Wu. Plaintiff does not oppose this aspect of defendants' motion, and accordingly plaintiffs' claim against Maine Surgical Care Group will be limited to their claim of vicarious liability.

Summary Judgment

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. *E.g., Johnson v. McNeil*, 2002 ME 99 ¶ 8, 800 A.2d 702. The facts must be considered in the light most favorable to the non-moving party. *Id.* Thus, for purposes of summary

judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. *Rodrigue v. Rodrigue*, 1997 ME 99 ¶ 8, 694 A.2d 924.

## Cornelius Moylan's NIED Claim

This lawsuit arises from a laparoscopic hernia repair performed on plaintiff Cornelius Moylan by Dr. Wu on October 16, 2011. Mr. Moylan's expert witness has alleged that Dr. Wu was professionally negligent in two respects. The first is that she allegedly violated the standard of care by failing to inspect Mr. Moylan's bowel more closely after surgery to ensure that she had not caused an enterotomy (perforation) of the bowel. The second is that she allegedly violated the standard of care by failing to perform a follow up exploratory surgery sooner than she did when Mr. Moylan began exhibiting signs and symptoms indicating that a perforation had occurred. Defendants' Statement of Material Facts dated July 28, 2016 (Defendants' SMF) ¶ 4, as qualified by Plaintiffs' Statement of Material Facts (Plaintiffs' SMF).[1] *Accord,* Plaintiffs' Statement of Additional Facts (Plaintiffs' SAMF) ¶¶ 1, 30.

In addition to his claim against Dr. Wu for professional negligence and his vicarious liability claim against the Surgical Care Group, Mr. Moylan has asserted a separate NIED claim against Dr. Wu. However, any and all emotional distress that Mr. Moylan suffered as a result of Dr. Wu's alleged professional negligence will be compensable in the damages recoverable if Dr. Wu is found liable for professional negligence. Where damages for emotional distress are already available if a defendant is found liable for a separate tort, the NIED claim is usually subsumed in any award entered on the separate tort. *Curtis v. Porter,* 2001 ME 158 ¶ 19, 784 A.2d 18.

---

[1] Plaintiffs also contend that Dr. Wu violated the standard of care by not precisely documenting that she had inspected Mr. Moylan's bowel after performing the initial surgery. *Id.*

2

Plaintiffs argue that this case falls within the exception allowing recovery for negligent infliction of emotional distress when a special relationship exists between the alleged tortfeasor and person emotionally harmed. *See Curtis v. Porter*, 2001 ME 158 ¶ 19. In this connection they cite *Bolton v. Caine*, 584 A.2d 615 (Me. 1990), which permitted a patient to pursue a NIED claim based on negligence by her radiologist in not making a timely lung cancer diagnosis when the evidence also showed that the cancer was in such an advanced state that earlier diagnosis and treatment would not have made any difference in the outcome. 584 A.2d at 616. In *Bolton* the Law Court found that the plaintiff could potentially recover damages for emotional distress in not having the diagnosis in a timely manner and from worry as to whether or not treatment opportunities had been missed. *Id.*

Although the *Bolton* opinion relies on *Gammon v, Osteopathic Hospital of Maine*, 534 A.2d 1282 (Me. 1987) and the foreseeability analysis in *Gammon* has since been limited,[2] *Bolton* remains good law. *Bolton*, however, involves a situation where it appears that the patient could prove that her radiologist had been negligent but could not prove that she had suffered any resulting medical injury.

That is not this case. As set forth above, plaintiffs allege that as a result of Dr. Wu's negligence, the perforation of Mr. Moylan's bowel was not discovered at the time of Dr. Wu's original surgery and that Dr. Wu was also negligent in not more promptly performing a second surgery – which led to infection and a significant deterioration of Mr. Moylan's condition. Plaintiffs' SMF ¶¶ 1, 3, 20, 30-34, 46-49, 54-55, 58. Mr. Moylan is not alleging that Dr. Wu was negligent and caused him severe emotional distress but that her negligence did not cause him to experience any injury other than emotional distress. Nowhere in the summary judgment record is there any suggestion that, if Mr. Moylan

---

[2] *See Cameron v. Pepin*, 610 A.2d 279, 281-82 (Me. 1992) ("notwithstanding *Gammon's* broad language, whether one party owes a duty of care to another necessarily involves considerations beyond the factual determination that a particular injury was a foreseeability consequence of some particular conduct").

3

proves that Dr. Wu was negligent, there would nevertheless be a basis for a finding that Dr. Wu's negligence did not cause any physical injury to Mr. Moylan.

Accordingly, this case does not fit within *Bolton's* narrow exception for cases where if negligence can be proven, recovery for emotional distress would be available because there can be no recovery for any physical injury. Under those circumstances, Mr. Moylan's freestanding NIED claim is not viable. He will nevertheless be able to recover for any emotional distress he experienced as well as any pain and suffering he experienced caused by professional negligence on the part of Dr. Wu.

Patricia Moylan's NIED Claim

Mrs. Moylan has asserted both a loss of consortium claim (Count V) and a NIED claim against Dr. Wu (Count IV). Defendants' motion for partial summary judgment is addressed only to Mrs. Moylan's NIED claim.

Unlike her husband, Mrs. Moylan does not have a separate tort claim on which she may recover damages for emotional distress if Dr. Wu is found to have been negligent. Whether Mrs. Moylan can recover for her emotional distress therefore depends on whether she can potentially fit within the category of a "bystander" entitled to recover for emotional distress because (1) she was present at the scene of the alleged negligence, (2) she suffered serious mental distress as a result of contemporaneously perceiving the negligent conduct, and (3) she was closely related to the victim. *Champagne v. Mid-Maine Medical Center*, 1998 ME 87 ¶ 13, 711 A.2d 842; *Nelson v. Flanagan*, 677 A.2d 545, 548 (Me. 1996).

The test stated in *Champagne v. Mid-Maine Medical Center* is phrased in terms of whether the bystander was present at an "accident" and contemporaneously perceived the "accident." 1998 ME 87 ¶ 13. However, the Law Court's decision in *Nelson v. Flanagan* was based on whether the plaintiff had been present for and had contemporaneously perceived a doctor's allegedly negligent misdiagnosis of his wife's condition. 677 A.2d at 548. Accordingly, bystander recovery is not limited to cases where there is a sudden infliction of

4

physical harm but includes cases where a close relative is present at the time of allegedly negligent conduct and contemporaneously perceives that the conduct in question constitutes negligence – although the conduct results in gradual rather than immediate injury.

In this case Mrs. Moylan was obviously a close relative. It is undisputed that Mrs. Moylan was not present in the operating room and could not have contemporaneously perceived any negligence on Dr. Wu's part if Dr. Wu is found to have violated the standard of care by failing to inspect Mr. Moylan's bowel more closely after surgery to discover whether the bowel had been perforated.

However, the summary judgment record contains evidence that Mrs. Moylan was present at the hospital at various times following the initial surgery performed by Dr. Wu. There is also evidence that Mrs. Moylan observed the deterioration in her husband's condition and that she perceived that Dr. Wu was neglecting her husband's care. Plaintiffs' SMF ¶¶ 36, 44; Plaintiffs' SAMF ¶¶ 3, 46-19. If Dr. Wu were found to have been negligent in not performing follow up surgery more promptly once Mr. Moylan began showing signs and symptoms indicative of a perforation of the bowel – and considering the summary judgment record in the light most favorable to plaintiffs – there is a disputed issue for trial as to whether Mrs. Moylan contemporaneously perceived negligence on the part of Dr. Wu.

Defendants make the argument that some jurisdictions have drawn distinctions between bystander claims in medical malpractice cases and bystanders who, for example, observe trauma inflicted on loved ones in auto accidents. Connecticut and California appear to limit recovery in medical bystander cases to instances where the malpractice observed would be sufficiently obvious that no expert testimony would be required. *Squeo v. Norwalk Hospital Association,* 113 A.3d 932, 944-46 (Conn. 2015); *Bird v. Saenz,* 51 P.3d 324, 330 (Cal. 2002). Texas appears to preclude bystander recovery in medical malpractice cases entirely. *Edinburg Hospital Authority v. Trevino,* 941 S.W.2d 76, 81 (Tex. 1997). Whatever

the merits of those arguments, they are matters for the Law Court – not this court – to decide.

Whether Mrs. Moylan will be able to recover for negligent infliction of emotional distress will depend on the evidence at trial, and it bears emphasis that Mrs. Moylan will not able to recover on her NIED claim if Dr. Wu is not found have been negligent at all or if Dr. Wu is only found to have been negligent in not adequately inspecting Mr. Moylan's bowel for a perforation at the time of his first surgery. In any event Mrs. Moylan would only be entitled to recover for emotional distress caused by her contemporaneous perception of Dr. Wu's alleged neglect from the time of her husband's first surgery until the second surgery was performed.

The entry shall be:

1. Defendants are entitled to summary judgment dismissing plaintiff Cornelius Moylan's freestanding claim for negligent infliction of emotional distress (Count III of the complaint) without prejudice to Mr. Moylan's entitlement to recover damages for emotional distress if he prevails on his professional negligence claim against Dr. Wu.

2. Defendants' motion for summary judgment dismissing plaintiff Patricia Moylan's claim for negligent infliction of emotional distress (Count IV of the Complaint) is denied.

3. Defendant Maine Surgical Care Group's motion for summary judgment dismissing plaintiffs' claims against Maine Surgical Care Group is granted except with respect to plaintiffs' claims based on vicarious liability for the alleged negligence of Dr. Wu.

4. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: December 16, 2016

Thomas D. Warren
Justice, Superior Court