STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV 19-478


THOMAS PANELLA,

     Plaintiff,


     v.

**ORDER**

EASTERN MAINE MEDICAL
CENTER, *et. al.*,

REC'D CUMB CLERKS OFC
JAN 6 '23 AM10:25

     Defendants


Before the court are the parties' several Motions in Limine. The court addresses them all as follows.

Defendant medical providers installed a spinal cord stimulator on Faith Panella's thoracic spine. The Plaintiff makes no allegation regarding the installation itself. Instead, the Plaintiff alleges that when Mrs. Panella presented with symptoms of a spinal cord injury a few days later the Defendant medical providers failed to diagnose Faith Panella's spinal cord injury in sufficient time to prevent paralysis.

1. Faith Panella's alcohol use and smoking history.

With respect to smoking, the Defendant argues that there is evidence that Panella's smoking contributed to her failure to avoid paralysis, that she failed to mitigate damages by continuing to smoke, and that her smoking is evidence probative of whether she suffered emotional damages and loss of enjoyment of life. The court orders that if there is expert testimony that smoking was a factor in the cause of *her* paralysis or quitting smoking would have

1

had a material effect in *her* recovery, the Defendant may argue and introduce that testimony. Without such evidence, the Plaintiff's motion in limine is granted. The court does not find that the mere fact of smoking, as opposed to a disease that is caused by smoking, is relevant to her quality of life damages.

With respect to alcohol use, the Defendant argued at oral argument that when Plaintiff presented at the hospital with symptoms from her spinal cord injury, she was suffering from alcohol abuse and that may have impacted the staff's diagnosis. This argument was not raised in the written motion. The court will not allow this evidence to be mentioned based on the current record. This determination is without prejudice and if the foundation is laid, the Defendant may renew a request to offer the evidence at trial.

The Defendant also argues that post-treatment alcohol abuse may be relevant to the Plaintiff's quality of life damages. The court denies the Plaintiff's motion in limine as to post-treatment evidence of how alcohol use interferes with or contradicts the quality of life damage claims. That is without prejudice to a renewed objection at trial based on Rule 403. Pretreatment use of alcohol is not admissible and will not be mentioned. If Plaintiff suggests, however, that the alcohol abuse interfering with her quality of life was worse as a result of the treatment, the degree of pretreatment alcohol abuse may become relevant, and the court will reconsider the ruling excluding evidence of the pretreatment use of alcohol when the evidence is offered.

2. Consent form.

Generally, whether there was implied consent is not relevant to whether a provider breached the standard of care. Discussion of risks and complications, however, may be evidence of the standard of care. *Mitchell v. Shikora*, 209 A.3d 307, 317-18, and n.9 (Pa. 2019). Plaintiff

2

agreed that the doctor may testify regarding their conversations about risks and complications and the warning provided. The court also concludes that the doctor can testify that Ms. Panella acknowledged them in writing. Unless the Plaintiff's evidence puts it at issue, the court sees little relevance to the form itself and some risk of confusion and therefore excludes it.

3. Plaintiff's liability experts.

Defendant has no intent to call them as witnesses.

4. Breach of Standard of care prior to October 16, 2015.

Defendant performed surgery on the Plaintiff. This case arises out of Defendant's conduct after surgery at the onset of the spinal cord injury resulting in paralysis on October 16, 2015. The Plaintiff's expert did not testify that Defendants breached their standard of care because of the surgery prior to that date. The court grants the motion to bar testimony of any breach of the standard of care prior to October 16. Of course, the events prior to that date may be relevant to set the stage, but evidence implying Defendant's negligence would be inadmissible. If the Defendant's case against the parties no longer in the case somehow renders the doctor's conduct prior to October 16 relevant, the Plaintiff may request the admission of that testimony.

5. Medical bills.

The amount of medical bills charged by the provider will be presented to the jury. *Bushey v. Jordan Lumber,* CV-20-169. Before entering judgment, however, the court will hear the parties regarding the application of 24 M.R.S. § 2906 and hold an evidentiary hearing if appropriate.

6. Medical Treatises.

The parties and court will follow the procedure laid out in M.R. Evid. 803(18).

3

7.  Video testimony.

The parties are in agreement regarding witnesses requiring contemporaneous video testimony.

8.  Use of deposition testimony.

The parties are in agreement regarding witnesses requiring testimony by deposition.

9.  Evidence regarding the death of Faith Panella.

Faith Panella died after the Complaint was filed. The Complaint was never amended to allege that her death was caused by the failure to treat the spinal injury or to seek damages under the Wrongful Death Act. 18-C M.R.S. § 2-807. Plaintiff has indicated his expert is prepared to testify the injury caused Faith Panella's death. The court sees no relevance and significant unfair prejudice and excludes the opinion. The Plaintiff can offer, however, evidence of Faith's "anguish about the time lost for treatment" of the spinal injury and her fears that it shortened her life. *Bolton v. Caine*, 584 A.2d 615, 618 (Me.1990).

This Order is incorporated on the docket by reference pursuant to M.R. Civ. P. 79(a).

DATE: ___1/ 6/23___

_____
Thomas R. McKeon
Justice, Maine Superior Court

4

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV 19-478

THOMAS PANELLA

v.                                                                    ORDER

EASTERN MAINE MEDICAL
CENTER, *et. al.*

REC'D CUMB CLERKS OFC
DEC 7 '22 AM 10:33

Before the court is the Plaintiff's Motion for attorney directed jury voir dire. As described below, the court grants the motion, subject to the conditions with this Order.

When seeking attorney directed voir dire, the Plaintiff must show that the attorney directed voir dire will "add materially" to the court's own voir dire questions and that the questioning will assist materially in providing a fair and impartial jury. M.R.Civ. P. 47(a)(4)(A,C). The proposed topics of inquiry should allow for brief responses from prospective jurors. M.R.Civ.P. 47(a)(3)(C). The questions must be probative of a juror's bias, predisposition, or knowledge that would effect their partiality. *State v. Roby*, 2017 ME 207, ¶ 11, 171 A.3d 1157. They cannot advocate for that party's position. *Id.* They cannot be designed to ask the jurors to adopt a position on the law without benefit of the court's instructions. *Id.* ¶ 14. *See, State v. Simons*, 2017 ME 180, ¶ 21, 169 A.3d 399 (asking a juror if they agree or disagree with a legal tenet injects unnecessary confusion). The questions, or the style of questioning, cannot be used to predispose or cajole the jury into favoring that party's position. *Grover v. Boise Cascade Corporation*, 2004 ME 119, ¶ 19, 860 A.2d 851. The questions also cannot invade the juror's privacy. *Id.* ¶ 20.

1

If these concerns are addressed, the court finds attorney directed voir dire might provide material assistance to the selection of a fair and impartial jury. Therefore, the court grants the motion. To address the concerns, the court will not permit any questions or statements specific to this case, including questions or statements regarding the facts of this case, regarding liability, damages, or the amount of damages that the party feels will be appropriate. The court is concerned that the line between questions designed to address a juror's predisposition with respect to certain issues-for example questions designed to determine whether a juror's attitudes towards intangible injuries or the medical profession- may also be asking the jurors to take a position regarding a legal principle or may constitute an effort to predispose them. Waiting to see what happens with voir dire may be too late to do anything or may result in a voir dire with multiple interruptions. Therefore, the court will require the parties to submit the attorneys' questions in advance so they are appropriately screened. M.R.Civ.P. 47(a)(3)(C)(ii). Each side will have 45 minutes.

The entry is: Plaintiffs' Motion for jury voir dire is GRANTED subject to the conditions outlined in this Order. The parties' anticipated questions are due to the court on December 30 and will be discussed at the hearing on January 3.

This Order is incorporated on the docket by reference pursuant to M.R.Civ.P. 79(a).

DATE: _____12/7/22_____

Thomas R. McKeon
Justice, Maine Superior Court

2